UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CURTEZ MCLAURIN,

                                Plaintiff,

v.                                                                 5:22-cv-373
                                                                     (GTS/TWD)

ONONDAGA COUNTY, et al.,

                                Defendants.
_____

APPEARANCES:

CURTEZ MCLAURIN
Plaintiff, *Pro Se*
19000388
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      Curtez Mclaurin ("Plaintiff") initiated this action *pro se* on or about April 19, 2022, asserting numerous claims against Onondaga County and the Syracuse Police Department (collectively, "Defendants"). (*See* Dkt. No. 1 at 1-2, 8-9.) On April 27, 2022, then Chief Judge Glenn T. Suddaby denied Plaintiff's *in forma pauperis* ("IFP") application as incomplete, ordered the administrative closure of the matter, and permitted Plaintiff to reopen the matter by timely filing a complete IFP application and inmate authorization form. (*See* Dkt. No. 2.) Due to a clerical error entering Plaintiff's name and his Onondaga County Justice Center identification number, Judge Suddaby issued an amended order on October 20, 2022. (*See* Dkt. Nos. 3-4.) The case was reopened on October 26, 2022, when Plaintiff filed a complete IFP application and inmate authorization form. (*See* Dkt. Nos. 5-7.)

1

The Clerk sent Plaintiff's IFP application and Complaint to the undersigned for initial review. Plaintiff's IFP application is hereby GRANTED for purposes of this review. (Dkt. No. 5.) The undersigned now considers the sufficiency of the allegations set forth in the Complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

## I.     SUMMARY OF THE COMPLAINT

Plaintiff's Complaint consists of a series of form documents with different legal captions, boilerplate legalese, and check-box lists for various causes of action. (*See generally* Dkt. No. 1.) Through these form documents, Plaintiff appears to allege that Defendants unlawfully arrested and detained him on January 15, 2020. *See id.* at 1, 5, 7. He claims these actions constituted treason, unlawful arrest, unlawful detention, hate crimes, fraud, defamation, kidnapping, extortion, "RICO," "white collar crimes," "blue collar crimes," "Breach of Contract/Promissory Estoppel," "Conspiracy," "Conversion," "Injurious Falsehood," "Intentional Infliction of Emotional Distress," "Invasion of Privacy," "Negligent Infliction of Emotional Distress," "Negligent Media Publication," "Prima Facie Tort," "Tortious Interference with Contract/Prospective Economic Damages," "Trespass," and "Trespass to Chattels." *See id.* at 1, 7-8. He further claims Defendants' actions violated his right to a speedy trial, his right to freedom, and his rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments. *See id.* at 1.

Plaintiff requests the dismissal of his criminal case in New York State, his release from detention, and $1,000,000. *See id.* at 7-9.

**II.     STANDARD OF REVIEW**

This Court must conduct an initial review of complaints filed *in forma pauperis*, and "complaints in which a prisoner[1] seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915(e)(2)(B) (governing complaints filed *in forma pauperis*); 28 U.S.C. § 1915A (governing complaints filed by prisoners against the government). When reviewing these types of complaints, this Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *see also Allen v. Stringer*, No. 20-3953, 2021 WL 4472667, at *1 (2d Cir. Sept. 30, 2021) (applying Section 1915(e)(2)(B)); *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (applying Section 1915A).[2]

This Court must exercise caution when determining whether to *sua sponte* dismiss a *pro se* complaint on the grounds that it is frivolous. *See Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991); *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "A claim is

---

[1] Plaintiff is a "prisoner" as that term is used in 28 U.S.C. § 1915A(a). (*See* Dkt. No. 5 at 1; *see also* 28 U.S.C. § 1915A(c) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").)

[2] Unless otherwise indicated, in quoting cases, all alterations, internal quotation marks, emphases, footnotes, and citations are omitted. *See, e.g.*, *Sczepanski v. Saul*, 946 F.3d 152, 157 n.4 (2d Cir. 2020).

based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Id.*

When undertaking this initial review, the Court must construe *pro se* pleadings with the utmost leniency. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that a *pro se* litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers"); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Iqbal*, 556 U.S. at 678. It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555; *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## III.     SUFFICIENCY OF THE COMPLAINT

At the outset, the undersigned notes that Plaintiff's Complaint is nearly identical to the complaint filed in this District by Curtis Mclaurin[3] in *Mclaurin v. Syracuse Police Department et al*. *Compare* Dkt. No. 1, *with Mclaurin v. Syracuse Police Department et al.,* Case No. 5:22-cv-372-BKS-DJS, Dkt. No. 1.  In that case, Magistrate Judge Daniel J. Stewart concluded the claimant had failed to state a claim, and accordingly recommended that the Court dismiss the complaint with leave to amend.  *See McLaurin v. City of Syracuse Police Dep't*, No. 5:22-CV-372 (BKS) (DJS), 2022 WL 4085731, at *2-3 (N.D.N.Y. July 29, 2022), *report and recommendation adopted*, 2022 WL 4079190 (N.D.N.Y. Sept. 6, 2022).  Chief Judge Brenda K. Sannes adopted Judge Stewart's Report and Recommendation in its entirety.  *See Mclaurin v. City of Syracuse Police Dep't*, No. 5:22-CV-372 (BKS) (DJS), 2022 WL 4079190, at *1 (N.D.N.Y. Sept. 6, 2022).

Just like the complaint in *Mclaurin v. Syracuse Police Department et al.*, Plaintiff's Complaint fails to state a claim.  (*See generally* Dkt. No. 1.)  Plaintiff failed to plead sufficient factual content to allow this Court to draw the reasonable inference that Defendants are liable for the myriad federal and New York State violations alleged.  *See Iqbal*, 556 U.S. at 678.  He failed to set forth a short and plain statement stating who did what to him, when they did it, and how he

---

[3] Plaintiff spells his first name "Curtez," while the claimant in *Mclaurin v. Syracuse Police Department et al*. spelled his first name "Curtis." (*Compare* Dkt. No. 1 at 1, *with Mclaurin v. Syracuse Police Department et al*., Case No. 5:22-cv-372-BKS-DJS, Dkt. No. 1 at 1.)  Plaintiff's identification number at the Onondaga County Justice Center is 19000388, while the claimant in *Mclaurin v. Syracuse Police Department et al*. has an Onondaga County Justice Center identification number of 96002141. (*Compare* Dkt. No. 1 at 23, *with Mclaurin v. Syracuse Police Department et al*., Case No. Case No. 5:22-cv-372-BKS-DJS, Dkt. No. 1 at 1.)  Plaintiff accordingly appears to be a different individual than the claimant in *Mclaurin v. Syracuse Police Department et al*.  However, the close spelling of the two individuals' names and the nearly-identical pleadings may account for the clerical error made in Plaintiff's case.  (*See* Dkt. No. 3.)

5

was injured. *See id.*; *see also* Fed. R. Civ. P. 8(a)(2). Absent these basic details, Plaintiff's Complaint has failed to give Defendants fair notice of what his claims are and the grounds upon which they rest. *See Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 8(a)(2). Moreover, Plaintiff only advances two factual allegations through his Complaint—that Defendants arrested and detained him on January 15, 2020. (*See* Dkt. No. 1 at 1, 5, 7.) Accepting these two facts as true and construing all reasonable inferences in Plaintiff's favor, *Hernandez*, 18 F.3d at 136, the Court is left with "an unadorned, the-defendant-harmed-me accusation." *See Iqbal*, 556 U.S. at 678. The undersigned accordingly recommends that the Court dismiss the Complaint in its entirety for failure to state a claim. *See id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1); *see, e.g.*, *McLaurin*, 2022 WL 4085731, at *2 (recommending the dismissal of a complaint that is essentially identical to the one issued in this case for failure to state a claim).

## IV.    CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court dismiss Plaintiff's Complaint with leave to amend. (Dkt. No. 1.)

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 5) is **GRANTED** solely for purposes of initial review; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED WITH LEAVE TO AMEND** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: November 10, 2022
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

Case 5:22-cv-00373-GTS-TWD   Document 9   Filed 11/10/22   Page 8 of 13

Allen v. Stringer, Not Reported in Fed. Rptr. (2021)
2021 WL 4472667

2021 WL 4472667
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Doran ALLEN, Plaintiff-Appellant,
v.
Scott M. STRINGER, New York City Comptroller, Warden AMKC-C-95, Defendants-Appellees.

20-3953
|
September 30, 2021

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: Doran Allen, pro se, Ossining NY.

FOR DEFENDANTS-APPELLEES: No appearance.

PRESENT: RICHARD C. WESLEY, RICHARD J. SULLIVAN, Circuit Judges, JOHN G. KOELTL, District Judge.[*]

[*] Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

### SUMMARY ORDER

Appellant Doran Allen, proceeding pro se, sued Scott M. Stringer, in his capacity as New York City Comptroller, and the unnamed warden of the Rikers Island Anna M. Kross Center ("AMKC") under 42 U.S.C. § 1983 for violations of the Due Process Clause of the Fourteenth Amendment. Allen alleges that, while he was detained at AMKC, a corrections officer refused to help him carry breakfast trays, causing him to slip and fall on broken stairs, injuring himself. The district court dismissed the complaint sua sponte for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915(e)(2). *Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010). Under that statute, the district court must dismiss a complaint filed in forma pauperis if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (recognizing that "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a viable claim). Pro se submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

Conditions-of-confinement claims brought by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process clause. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state such a claim, a plaintiff must satisfy both an objective prong and a subjective prong. *See id.* The objective prong requires "showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process," while the subjective prong requires "showing that [an] officer acted with at least deliberate indifference to the challenged conditions." *Id.* (internal quotation marks omitted). If a conditions-of-confinement claim is predicated on an unsafe condition, a court will analyze "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

Allen alleges that he slipped or tripped on broken stairs, causing him to fall. But while the existence of broken stairs could be deemed to constitute negligence on the part of the prison, broken stairs alone cannot satisfy the objective prong of a conditions-of-confinement claim. *See McCray v. Lee*, 963 F.3d 110, 120 (2d Cir. 2020) (explaining that the defendant's complaint alleging unconstitutional conditions of

Case 5:22-cv-00373-GTS-TWD   Document 9   Filed 11/10/22   Page 9 of 13

Allen v. Stringer, Not Reported in Fed. Rptr. (2021)
2021 WL 4472667

confinement after a slip and fall in an icy prison yard did not show "exceptional circumstances" that would "elevate" the conditions "beyond the typical level of danger presented by a slippery sidewalk or a wet floor"). Because broken stairs cannot be considered a risk that is "so grave that it violates contemporary standards of decency," Allen's conditions-of-confinement claim was properly dismissed. *Helling*, 509 U.S. at 36.

**\*2** But even if it could be argued that Allen alleged an objectively serious condition, the district court properly dismissed Allen's claims against Stringer and the AMKC warden due to the obvious deficiencies in Allen's complaint. As the district court concluded, the suit against the warden in his official capacity was more properly a suit against the City of New York because Allen did not allege that the warden personally had done or failed to do anything that violated his rights. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity... should be treated as suits against the State."). Similarly, Stringer, as the New York City Comptroller, is sued in his official capacity. Allen was therefore obligated to allege sufficient facts showing that the Fourteenth Amendment violation occurred "pursuant to a municipal policy or custom," *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (citing, inter alia, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978)), or was caused by a "failure to train," *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *Monell*, 436 U.S. at 694). Allen did not allege any facts showing that the corrections officer acted pursuant to an unconstitutional policy or custom, or that the City of New York failed to train its corrections officers, as required for such a claim.

The district court also did not abuse its discretion by declining to exercise supplemental jurisdiction over any state-law claims because the district court properly dismissed Allen's § 1983 claim, the only claim over which it had original jurisdiction. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks omitted)).

Finally, the district court did not err by denying Allen leave to amend his complaint. A district court should not dismiss a pro se plaintiff's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). As discussed above, the incident involving the corrections officer and the broken steps did not amount to a due process violation, and that deficiency in the complaint cannot not be cured. Accordingly, amendment would have been futile.

We have considered all of Allen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

**All Citations**

Not Reported in Fed. Rptr., 2021 WL 4472667

---

End of Document © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 4085731
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Curtis MCLAURIN, Plaintiff,
v.
CITY OF SYRACUSE POLICE DEPARTMENT
and Onondaga County, Defendants.

5:22-CV-372 (BKS/DJS)
|
Signed July 29, 2022

**Attorneys and Law Firms**

CURTIS MCLAURIN, Plaintiff, Pro Se, 96002141, Onondaga County Justice Center, 555 South State Street, Syracuse, New York 13202.

### REPORT-RECOMMENDATION and ORDER

DANIEL J. STEWART, United States Magistrate Judge

*1 Plaintiff filed this action seeking to assert claims regarding the alleged violation of his federal rights. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 3, which the Court has granted.

### I. SUFFICIENCY OF THE COMPLAINT

#### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) ... the court shall dismiss the case at any time if the court determines that – ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). [1] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis. See id.*

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution ... in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading

that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Analysis of the Complaint

**\*2** A court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction ...;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at \*1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at \*3 (E.D. Pa. Dec. 17, 1992).

A complaint that fails to comply with basic pleading requirements presents too heavy a burden for defendants to craft a defense "and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Plaintiff's Complaint clearly does not satisfy these requirements. The nature of the Complaint is entirely unclear. It consists of a series of differently captioned documents that fail to specifically articulate Plaintiff's allegations. It appears the allegations underlying the Complaint may relate to the filing of charges against Plaintiff in April 2022 that he alleges are false. *See* Compl. at p. 8. However, the various documents are not clearly connected and fail to provide any clear notice of the precise nature of the claims since Plaintiff mentions various statutes and constitutional provisions, but does not identify the factual basis for his claims or explain on what basis he has sued the named Defendants.

For these reasons, the Complaint is clearly subject to dismissal. "[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.' " *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at \*4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend.

**\*3** The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between

such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) [2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**All Citations**

Slip Copy, 2022 WL 4085731

---

End of Document © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 4079190
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Curtis MCLAURIN, Plaintiff,
v.
CITY OF SYRACUSE POLICE DEPARTMENT
and Onondaga County, Defendants.

5:22-cv-372 (BKS/DJS)
|
Signed September 6, 2022

**Attorneys and Law Firms**

Plaintiff pro se: Curtis Mclaurin, 96002141, Onondaga County Justice Center, 555 South State Street, Syracuse, New York 13202.

### MEMORANDUM-DECISION AND ORDER

Brenda K. Sannes, Chief United States District Judge:

*1 Plaintiff pro se Curtis Mclaurin brought this action on April 19, 2022, alleging, inter alia, that Defendants City of Syracuse Police Department and Onondaga County violated his federal rights. (Dkt. No. 1). This case was referred to United States Magistrate Judge Daniel J. Stewart who, on July 29, 2022, issued a Report-Recommendation recommending that Plaintiff's complaint be dismissed with leave to amend because "[i]t consists of a series of differently captioned documents that fail to specifically articulate Plaintiff's allegations." (Dkt. No. 8, at 5, 7). Magistrate Judge Stewart noted that it "appear[ed] the allegations underlying the Complaint may relate to the filing of charges against Plaintiff in April 2022 that he alleges are false," but that Plaintiff failed to "identify the factual basis for his claims or explain on what basis he has sued" Defendants. (*Id.* at 5). Magistrate Judge Stewart advised Plaintiff that, under 28 U.S.C. § 636(b)(1), he had fourteen days within which to file written objections to the Report-Recommendation, and that failure to object within fourteen days would preclude appellate review. (*Id.* at 7–8). Plaintiff did not file an objection to the Report-Recommendation.

As no objection to the Report-Recommendation has been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 8) is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice, with leave to file an amended complaint; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**All Citations**

Slip Copy, 2022 WL 4079190